```
              IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


JAMES Z. YELVERTON, JR.,          :
                                  :
          Petitioner              :
                                  :
     v.                           :    CIVIL NO. 3:CV-12-119
                                  :
WAYNE J. GAVIN, ET AL.,           :    (Judge Conaboy)
                                  :
          Respondents             :
```
_____

# MEMORANDUM
## Background

James Z. Yelverton, Jr., an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Yelverton has submitted a request for leave to proceed in forma pauperis which will be granted for the sole purpose of the filing of this action with the Court.

Named as Respondents are SCI-Waymart Superintendent Wayne J. Gavin, Secretary of Defense Leon Panetta; Secretary of the Army John M. McHugh and the Judge Advocate General of the United States Army.[1] It is initially noted that Petitioner's action does not challenge either the legality of his Pennsylvania state conviction or sentence.

---

1. The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

Rather, Petitioner seeks federal habeas corpus relief with respect to his 1968 general court martial.[2] According to the Petition, while a member of the United States Army Yelverton plead guilty to charges of: (1) being absent without leave for one day; (2) larceny (taking one dollar apiece from two fellow soldiers); (3) extortion (one dollar apiece from two soldiers); and (4) absent without leave for a two day period. Petitioner was sentenced by a military tribunal on July 11, 1968 to a bad conduct discharge, forfeiture of pay and allowances, a grade reduction, and to be confined at hard labor for ten months. See Doc. 1, ¶ 4.

The findings and sentence were affirmed by the Military Board of Review on April 1, 1969. Petitioner subsequently executed a written request on April 22, 1969 asking that "appropriate action be taken to finalize the sentence as affirmed by the Board of Review without further delay." Id. at Exhibit 9.

There does not appear to have been any further developments in Petitioner's case until May 2009 when he filed a pro se petition with the United States Court of Appeals for the Armed Forces seeking review of the decision of the Board of Review. See id. at Exhibit 8. Following appointment of counsel, Petitioner was granted leave to supplement his petition. See id. at Exhibit 7. By Order dated November 13, 2009, the Court of Appeals for the

---

2. The military has its own independent criminal justice system which is governed by the Uniform Code of Military Justice as set forth in 10 U.S.C. § 801 et seq. The Code provides for court martial proceedings, appellate review and limited certiorari review by the United States Supreme Court.

Armed Forces denied Yelverton's petition for review.  See id. at Exhibit 6.

Next, Petitioner filed a writ of coram nobis[3] which was denied by the United States Army Court of Criminal Appeals on February 17, 2011.  See id. at Exhibit 5.  A request for reconsideration en banc was denied on March 18, 2011.  See id. at Exhibit 4.  The United States Court of Appeals for the Armed Forces denied an appeal from that decision by order dated July 18, 2011.  See id. at Exhibit 3.  Thereafter, on September 26, 2011, Yelverton filed a petition for writ of certiorari with the United States Supreme Court.  See id. at Exhibit 2.  On December 5, 2011, the Supreme Court denied Petitioner's request for review.  See id. at Exhibit 1.  This action was subsequently filed.

Yelverton's present habeas corpus petition claims that he was provided with ineffective assistance of counsel during the course of his court marital proceedings in that he was not properly advised of his right to appeal by his appointed counsel.  Specifically, it is alleged that the aforementioned April 22, 1969 request for final action executed by Petitioner was not an intentional and knowing waiver of his appellate rights and was "erroneously submitted."  Doc. 1, p. 4.  As a result, Yelverton alleges that he "was denied his direct appeal rights."  Id.

---

3.  A writ of error coram nobis is similar to a habeas corpus challenge to a criminal conviction except that it may be brought after a defendant has served his sentence.  See Maclean v. United States, 454 F.3d 1334, 1335-36 (Fed. Cir. 2006).

Petitioner further contends that an excessive sentence was imposed and that he was not afforded credit for seventy-eight (78) days of confinement which he served in the Post Stockade at Fort Huachuca, Arizona in connection with his court martial proceedings. See id. at p. 6.

As relief, Petitioner "seeks the credit time he did not receive during sentencing (78) days," reinstatement of his appellate rights, restoration of his military benefits (including medical) during his appeals, and the scheduling of a hearing on those issues before this Court. Id. at p. 8.

## **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.),

4

cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

**In Custody**

The United States District Courts have jurisdiction over habeas corpus applicants who claim that they are in custody in violation of their constitutional rights pursuant to § 2241. Federal courts are likewise vested with jurisdiction over individuals who are confined pursuant to a sentence received from the military courts.  See Hirsch v. Secretary of the Army, 172 F.3d 878 (10th Cir. 1999) (unpublished) (military prisoners who have been transferred into federal custody are subject to all of the federal laws and regulations governing any other prisoner, including federal parole provisions).

Pursuant to § 2241(c)(1) a habeas petitioner must make a showing that he is "in custody under or by color of the authority of the United States."  See also  Carfas v. LaVallee, 391 U.S. 234, 238 (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted).  The in custody requirement is equally applicable to federal habeas corpus petitions filed by members of the armed forces.  See Meck v. Commanding Officer, Valley Forge General Hospital, 452 F.2d 758, 760 (3d Cir. 1971).  In custody is determined  as of the filing date of the habeas petition.  See Venson v. Killina, 2009 WL 1228444 * 4 (W.D. Pa. 2009).

The United States Supreme Court in Lackawanna County v. Coss, 532 U.S. 394  (2001), noting the need for finality of

5

convictions and ease of administration, held that Coss did not qualify to have his federal habeas petition reviewed because the expired prior conviction which was being challenged did not actually increase the length of his current sentence.

In the present case petitioner is challenging the legality of his 1968 court martial for which a ten month sentence was imposed.  It is apparent that the sentence imposed in Petitioner's general court marital expired over forty (40) years ago.  There is also no indication that the court martial increased the length of Yelverton's ongoing Pennsylvania state sentence.  Accordingly, it is apparent that Petitioner has failed to satisfy the in custody requirement with respect to the challenge to the legality of his 1968 general court marital and as such his present habeas corpus action is subject to dismissal.

**Timeliness**

As discussed earlier, in addition to challenging the legality of his court marital Petitioner seeks as partial relief the reinstatement of his military (including medical) benefits during his appeals.  See Doc. 1, p. 8.  It has been recognized that an action seeking invalidation of a court marital and other relief such as back pay is subject to a six (6) year statute of limitations.  See Maclean, 454 F. 3d at 1336.  Moreover, the time period for such an action accrues upon the military discharge of the applicant.  See id.  Moreover, equitable tolling is not available for time period in which the litigant is seeking coram nobis relief.

     Clearly, Yelverton's present action is also subject to dismissal on the basis of untimeliness under the standards announced in Maclean since he did not pursue any legal remedies challenging the legality of his court marital whatsoever till approximately forty (40) years following his military discharge.[4]

**Sentence Credit**

     Petitioner also contends that he was not afforded credit for 78 days of confinement which he served in the Post Stockade at Fort Huachuca, Arizona in connection with his court martial proceedings. It appears that Petitioner may be asserting that said period should be credited against service of his ongoing Pennsylvania state sentence.  However, there is no indication that Petitioner has raised and exhausted any such claim in Pennsylvania state court. An appropriate Order will enter.

                           S/Richard P. Conaboy
                           RICHARD P. CONABOY
                           United States District Judge

DATED: APRIL 13, 2012

---

4. It also appears that the substance of Petitioner's pending action may have been included in his earlier certiorari petition to the United States Supreme Court.  If so, reconsideration of those same arguments by this Court would also potentially be precluded.